IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Stanley B. Doremus, | Case No. 3:14 CV 1083 |
| Plaintiff, | MEMORANDUM OPINION AND ORDER |
| -vs- | JUDGE JACK ZOUHARY |
| Toledo Police Department, et al., | |
| Defendants. | |

### INTRODUCTION

Pro se Plaintiff Stanley Doremus filed this action against the Toledo Police Department, the Lucas County Sheriff, the Toledo Municipal Court, and the Toledo Municipal Court Prosecutors and Employees. Plaintiff's pleading is unintelligible (Doc. 1). It appears he may be attempting to appeal a judgment from the Ohio courts; however, he does not provide any information about these cases, nor does he specify the relief he seeks. Of note, Plaintiff is a frequent filer in this Court and other local courts. Earlier this year, Plaintiff's behavior became so disruptive that this Court banned him from setting foot on Courthouse property without prior Court approval. *In re: Stanley Blane Doremus*, Order, filed May 14, 2014 (attached).

### BACKGROUND

Plaintiff did not submit a document which can be determined with certainty to be his Complaint. He submits two pages with this Court's address. Those pages contain the case numbers from the Ohio Sixth District Court of Appeals and the Toledo Municipal Court. He captions those

documents as "Motion(s)/Action(s): Reconsideration Request, Notice of Appeal, Discovery Blocked, Fraud, Complaint, et al." (Doc. 1 at 1). He refers to himself as the "defendant" but lists himself as "plaintiff." In the case caption of both pages, he lists claims against an unnamed court employee for inciting a riot, lying to the sheriff, defamation, slander, and libel. He lists causes of action against an unnamed sheriff for felonious intimidation, retaliation, felonious assault, and false arrest. He attaches twenty-two pages of similar documents addressed to the Ohio Sixth District Court of Appeals and the Toledo Municipal Court. He does not allege facts and does not seek relief from this Court.

### STANDARD FOR DISMISSAL

Although pro se pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an in forma pauperis action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). An action has no arguable basis in law when a defendant is immune from suit or when a plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke*, 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Lawler*, 898 F.2d at 1199.

When determining whether Plaintiff states a claim upon which relief can be granted, this Court must construe the Complaint in the light most favorable to Plaintiff, accept all factual allegations as true, and determine whether this Complaint contains "enough fact to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Plaintiff's

obligation to provide the grounds for relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. Although a complaint need not contain detailed factual allegations, its "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the Complaint are true." *Id*.

## ANALYSIS

To the extent Plaintiff filed this action as an appeal of a state court judgment, his case must be dismissed. Federal district courts do not have jurisdiction to overturn state court decisions, even if the request to reverse the state court judgment is based on an allegation suggesting the state court's action was unconstitutional. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 292 (2005). Federal appellate review of state court judgments can only occur in the U.S. Supreme Court, by appeal or by writ of certiorari. *Id.* Under this principle, generally referred to as the *Rooker-Feldman* doctrine, a party losing his case in state court is barred from seeking what in substance would be appellate review of the state judgment in a federal district court based on the party's claim that the state judgment itself violates his or her federal rights. *Berry v. Schmitt*, 688 F.3d 290, 298–99 (6th Cir. 2012).

The *Rooker-Feldman* doctrine is based on two U.S. Supreme Court decisions interpreting 28 U.S.C. § 1257(a). *See Dist. of Columbia Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923). This statute was enacted to prevent "end-runs around state court judgments" by requiring litigants seeking review of that judgment to file a writ of certiorari with the U.S. Supreme Court. *Kovacic v. Cuyahoga County Dep't of Children & Family Servs*, 606 F.3d 301, 308 (6th Cir. 2010). The *Rooker-Feldman* doctrine is based on the negative inference that, if appellate court review of state judgments is vested in the U.S. Supreme Court, then

3

such review may not occur in the lower federal courts. *See Exxon Mobil Corp*., 544 U.S. at 283–84; *Kovacic*, 606 F.3d at 308–11; *Lawrence v. Welch*, 531 F.3d 364, 369 (6th Cir. 2008).

This doctrine has narrow application. The *Rooker-Feldman* doctrine applies only where a party losing his or her case in state court initiates an action in federal district court complaining of injury caused by a state court judgment itself, and seeks review and rejection of that judgment. *Berry*, 688 F.3d at 298–99; *In re Cook*, 551 F.3d 542, 548 (6th Cir. 2009). To determine whether *Rooker–Feldman* bars a claim, courts must look to the source of the injury a plaintiff alleges in the complaint. *McCormick v. Braverman*, 451 F.3d 382, 393 (6th Cir. 2006); *see Berry*, 688 F.3d at 299; *Kovacic*, 606 F.3d at 310. If the source of a plaintiff's injury is the state-court judgment itself, then the *Rooker–Feldman* doctrine bars the federal claim. *McCormick*, 451 F.3d at 393. If there is some other source of injury, such as a third party's actions, then a plaintiff asserts an independent claim. *Id*.; *see Lawrence*, 531 F.3d at 368–69. In conducting this inquiry, courts also consider a plaintiff's requested relief. *Evans v. Cordray*, 2011 WL 2149547, at *1 (6th Cir. 2011).

It is difficult in this case to determine the source of Plaintiff's alleged injury. He titles his documents as appeals and includes the case numbers from the Toledo Municipal Court and the Ohio Sixth District Court of Appeals. He also includes in his case caption what appear to be civil claims. To the extent Plaintiff is asking for appellate review of a state court decision, this Court is without jurisdiction to grant his request.

4

To the extent Plaintiff is attempting to assert the civil claims listed in his case caption, he fails to state a claim upon which relief may be granted. Plaintiff does not allege any facts in his pleading. A complaint must contain either direct or inferential allegations respecting all the material elements of some viable legal theory to satisfy federal notice pleading requirements. *See Schied v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir. 1988). The complaint must give defendants fair notice of what plaintiff's claims are and the grounds upon which each of those claims rests. *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 437 (6th Cir. 2008). Plaintiff has failed to provide such basic notice in his Complaint. And, a complaint unsupported by facts and based solely on legal conclusions does not meet the basic pleading standards. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plaintiff's Complaint likewise fails to allege sufficient facts forming the basis of a legal claim.

This Court finds Plaintiff's wholly meritless Complaint to be yet another effort to harass this Court and abuse judicial process and resources. Continued filings of this nature from Plaintiff will no longer be tolerated and will result in this Court banning him from making future filings without prior Court approval.

## CONCLUSION

Accordingly, Plaintiff's Motion to Proceed In Forma Pauperis (Doc. 2) is granted, and his Complaint (Doc. 1) is dismissed pursuant to 28 U.S.C. § 1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

    s/ *Jack Zouhary*
JACK ZOUHARY
U. S. DISTRICT JUDGE

October 8, 2014